THOMAS J. MOYLON *vs.* D. S. McDONALD COMPANY.

Suffolk.    March 23, 1905. — June 23, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Negligence,* Employer's liability.   *Elevator.*

In an action by a boy employed to operate a freight elevator, against his employer, for injuries from being thrown to the floor of the elevator by its giving a violent jerk, in consequence of which his foot slipped over the edge of the car and was caught, if there is evidence that the car ran irregularly because of the defective condition of the guides, and that if a proper investigation had been made the imperfection would have been discovered, it may be found that the defendant failed to provide suitable instrumentalities for the plaintiff's employment or to keep them in reasonably safe repair.

A boy fourteen years of age employed to operate a freight elevator assumes the risk of only obvious dangers, and if there is evidence that the guides of the elevator were defective but that the guides and the manner of their construction were not visible except on an inspection, that the boy had noticed that the elevator did not seem to be in good running order and had so reported to the superintendent, that there always seemed to be something the matter with the elevator, although the boy did not know the cause, and that once it had shaken when he was using it, it is a question of fact for the jury whether the boy assumed the risk of an accident caused by the elevator throwing him to its floor by a violent jerk, and also is a question of fact whether he was in the exercise of due care.

BRALEY, J.   This is an action of tort at common law to recover damages for personal injuries suffered by the plaintiff, a boy fourteen years of age, while in the defendant's employment. In the Superior Court, upon all the evidence, a verdict in the defendant's favor having been ordered and returned, the case is before us on the plaintiff's exceptions to the ruling.

In the performance of his work the plaintiff was directed by the defendant's superintendent to use a freight elevator that ran between the different floors of the defendant's building.   While using it his foot became jammed between the side of the car and the top of the jamb of a door that opened from the elevator well into the dining room.

It is the defendant's first contention that there was no substantial evidence of its negligence for the consideration of the jury.   See *Clark* v. *Jenkins,* 162 Mass. 397, 398.

At the time of the accident according to the plaintiff's testi-

mony he was operating the elevator in the usual way when in passing between the second and third floors there was a violent jerk, the force of which caused him to fall to the floor, while his foot slipped over the edge of the car and was caught.

On a further description given on cross-examination he said that before being thrown there was a very loud noise that apparently came from underneath the car, followed by its lurching and shaking, and that " when it began to shake there was a kind of pressure to it."

This description of the accident and of the working of the car was followed by the evidence of a mechanical expert called by the plaintiff, who testified in substance that if the elevator and its operating machinery were in proper repair it should not have jerked, or that if it swayed with the violence described this was indicative of a defective mechanical condition in the lateral rails or guides on which it ran. An examination of the car, and the guides, which were substantially the same after as before the accident, had been made by him, and he found a play of three quarters of an inch, that in his opinion allowed an improper amount of lateral motion. He also ascertained that the guides were loose, and that where they were attached to the walls there were variations in the joints of the short pieces of iron of which they were made.

According to his opinion the looseness of the guides caused an excess of lateral motion which combined with the unevenness of the joints allowed the car to catch if the safety shoes or clutches used for the purpose of gripping the rails in stopping were not exactly even. Whether they were even and in proper working order was an issue of fact on all the evidence.

If these clutches caught on the uneven joints when the car was running, they would hold for a longer or shorter time according to the amount of friction, and upon being released by the rising of the moving car it would jump with more or less violence, and render it unsafe.

Notwithstanding that the evidence of the defendant's witnesses very strongly tended to prove that beyond the ordinary wear from its use, which was not enough to produce the condition claimed, the elevator was safe and ran evenly, the jury were not required to accept this version, but were at liberty to

take the plaintiff's statement of what occurred, as well as his description of its condition.  *Aiken* v. *Holyoke Street Railway*, 180 Mass. 8, 12.  If they did, then his evidence, taken in connection with that of his expert, furnished some proof that the car ran irregularly because of the defective condition of the guides. They further could find that if a proper investigation had been made by the defendant the imperfection would have been discovered.  *Droney* v. *Doherty*, 186 Mass. 205.

An inference of the defendant's neglect would follow in failing to provide suitable instrumentalities, or to keep them in reasonably safe repair.

But it is further urged that even if such negligence could be established the plaintiff should be held, either to have assumed the risk, or to have been careless.

Under his contract of employment while he took the premises as he found them, this assumption covered only obvious dangers, whether of exposed and unguarded machinery, or a particular method of carrying on business, or arising from the ways, works or machinery being out of repair.  *Anderson* v. *Clark*, 155 Mass. 368.  *Garant* v. *Cashman*, 183 Mass. 13, 19.  *Murphy* v. *Marston Coal Co.* 183 Mass. 385.

If he assumes the risk by his conduct still it must be shown that he knew of, and appreciated the danger, to which he voluntarily exposed himself.  *Mahoney* v. *Dore*, 155 Mass. 513. *O'Maley* v. *South Boston Gas Light Co.* 158 Mass. 135, 136.

The guides, and the manner of their construction, were not visible except on an inspection that ordinarily would be made when the elevator was not running.  It was an appliance provided for his use, and which he was directed to use by the superintendent, who represented the defendant.  *Daley* v. *Boston & Albany Railroad*, 147 Mass. 101, 114.

It further appeared from the plaintiff's evidence, that previous to his injury he had noticed that the elevator "did not seem to be in good running order", and had so reported to the superintendent.

There was, however, no evidence that the plaintiff was acquainted with the manner in which the machinery of which the guides formed a part operated in starting or stopping the car. He had made no examination but simply knew that upon pull-

ing the operating cord it started, or stopped, at the will of the operator.

Besides, when injured he was following the usual and proper course of his employment. After observing and reporting to the superintendent that it was not running smoothly, there was no further obligation of inquiry into the cause resting upon him.

The length of time elapsing after this information had been given to those whose duty it was to see that it was sufficiently safe is not shown, but the plaintiff well might infer that it still could be properly used, for if unserviceable he would be so instructed.

To what extent from his former observation that there " always seemed to be something the matter with it ", though he did not understand the cause, and that it had shaken once before when he was using it, but not so violently, should be held to have affected his conduct, or rendered it negligent, was for the jury to decide. It cannot be said as matter of law that he assumed the risk, or was guilty of negligence. *Donahue* v. *Drown*, 154 Mass. 21. *Powers* v. *Boston*, 154 Mass. 60, 63.

The remaining exceptions relate to the exclusion of certain questions put to one of the plaintiff's experts, but as there must be a new trial it is not necessary to consider them.

*Exceptions sustained.*

*J. J. Feely*, (*R. Clapp* with him,) for the plaintiff.
*C. S. Knowles*, for the defendant.

