JAMES FINNEGAN *vs.* WINSLOW SKATE MANUFACTURING COMPANY.

Worcester.    October 3, 1905. — December 4, 1905.

Present : KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Negligence*, Employer's liability.  *Statute*, Effect of violation.  *Actionable Tort.*

In an action by a workman in a factory against his employer for injuries alleged to have been caused by the defective condition of a freight elevator maintained by the defendant, it is evidence of a defective condition of the elevator before the accident, that it jumped and jolted, that on the morning of the day of the accident, which happened in the afternoon, the elevator started and stopped irregularly, and that a mechanical expert who examined it after the accident testified that in his opinion the failure of the car to stop at the floor level was due to the fact that the shipping mechanism and hoisting apparatus were out of order.

In an action by a workman in a factory against his employer for injuries alleged to have been caused by the defective condition of a freight elevator maintained by the defendant, proof of a violation by the defendant of R. L. c. 104, § 27, in failing to equip the elevator or elevator well with some device to prevent a person from being caught between the floor of the car and the floor of the building, is evidence of negligence.

A violation of a statute subjecting the violator to a fine is evidence of his negligence in a civil action against him for injuries which would not have been incurred if he had complied with the statute.

TORT, by a workman in a skate factory against his employer, for personal injuries, in having his heel torn off by the floor at

the edge of a freight elevator well, when the plaintiff in the course of his employment was on the elevator and was crowded off against the floor, while the elevator was rising, by empty boxes jolting and hitting him, owing to the elevator jumping and jolting, with a first and second count under the employers' liability act and a third count at common law. Writ dated September 21, 1903.

At the trial in the Superior Court *Bond*, J. refused to order a verdict for the defendant. He ruled that the plaintiff could not recover under the second count, which alleged negligence of a person entrusted with and exercising superintendence, and submitted the case to the jury on the first and third counts, which respectively alleged a defect in the ways, works or machinery of the defendant, and a failure of the defendant to furnish the plaintiff with suitable appliances for his work or to keep such appliances in repair and proper condition.

The jury returned a verdict for the plaintiff in the sum of $3,000; and the defendant alleged exceptions.

*C. C. Milton*, (*G. A. Gaskill* with him,) for the defendant.

*A. P. Rugg*, (*H. H. Thayer* with him,) for the plaintiff.

BRALEY, J. Among the appliances furnished the plaintiff for use in his work was a freight elevator, operated by means of a shipping rod, and running in a well or hatchway extending from the basement through the different floors of the defendant's factory. On the day of the accident, though this rod was in working order, and properly used, the car in ascending from the basement failed to stop at the first floor as it should have done, and continuing to ascend caused the plaintiff's injury.

It is the contention of the defendant that no evidence of faulty construction, or of equipment, or of a defective condition before this time appears, and the mere failure of the elevator to work properly does not justify an inference of its negligence.

But if proof of the accident was not sufficient to establish this fact, the plaintiff testified that the car while in operation " jumped and jolted," and that on the morning of the day on the afternoon of which he was injured it started and stopped irregularly. Among the witnesses called by him was a mechanical expert whose qualifications were unquestioned, and who had made an examination of the hatchway, the car, and the guides on which it ran.

From the examination, and his previous knowledge obtained when acting as an inspector of this and other elevators, he testified that in his opinion the failure of the car to stop at the floor level was due to the fact that the shipping mechanism and hoisting apparatus were out of order.

Acccording to common experience such machinery naturally would deteriorate from constant use, and frequent inspection might be called for to determine whether it was safe. In the discharge of the duty that an employer owes to his employee how far he is called upon in the exercise of reasonable care to make an inspection depends upon the character of the apparatus, the length of time it has been in operation, and the nature of the use to which it is subjected.

If this want of repair existed, it could be found that the elevator thereby was rendered unsafe for use, and became defective. It then became a question of fact for the jury to determine whether from the nature of the defect, and upon reasonable examination, it could have been discovered and remedied.

It is provided by the R. L. c. 104, § 27, that "elevator cabs, or cars, whether used for freight or passengers . . . shall be guarded and equipped with some attachment or device fastened to the elevator cab or car, elevator well, or floor of the building, which shall prevent any person from being caught between the floor of the cab or car and the floor of the building while attempting to enter or leave the elevator." But upon the approval of the inspector of buildings in any city, except the city of Boston, "or inspector of factories and public buildings, any elevator may be used without any or all of such appliances or devices if the nature of the business is such that the necessity for the same will not warrant the expense."

No such appliance or device having been attached, or its omission sanctioned, the defendant takes the position that a failure to comply with the statute is not evidence of negligence. But the law is well settled to the contrary. While the violation of a statute or ordinance by a defendant is not conclusive proof of negligence on the part of the violator, it has been held that the fact of violation may be considered by the jury in passing upon the question. *Newcomb* v. *Boston Protective Department*, 146 Mass. 596, 600, and cases cited. *Turner* v. *Boston & Maine Railroad*, 158 Mass. 261, 263, 264.

Upon conflicting evidence, it was for the jury to determine how far the defendant had performed its duty of providing and maintaining a suitable elevator.

As the operating machinery was not visible, the plaintiff by his contract of employment assumed only those risks that were open and obvious, even if his mechanical knowledge had been such that upon a view of the hoisting machinery he would have appreciated the danger. *Wagner* v. *Boston Elevated Railway*, 188 Mass. 437, and cases cited.

From the plaintiff's previous experience he knew the elevator failed to obey the shipping rod and ran unevenly, but this was not conclusive against his right of recovery, for how far this circumstance should be held to have affected his conduct so as to render it negligent was an issue of fact for the jury, and not a matter of law for the court. *Wagner* v. *Boston Elevated Railway*, *ubi supra*.

Except for the failure of the defendant to comply with the statute, the case at bar can neither be distinguished in principle, nor substantially upon the facts from that of *Moylon* v. *McDonald Co.* 188 Mass. 499, within which it falls, and by which it must be governed.

No error appears in the instructions given, and the rulings requested so far as appropriate were adopted. There being no valid ground of exception shown in the conduct of the trial the order must be,

*Exceptions overruled.*