JOSEPH H. LANDRIGAN *vs.* TAYLOR-GOODWIN COMPANY.

Essex.   November 8, 1907. — February 29, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Negligence,* Employer's liability.

At the trial of an action of tort brought against the proprietor of a coal shed by one employed therein, in which the plaintiff sought recovery for injuries received by reason of the falling upon him of a wheelbarrow of coal alleged to have been due to a defect in a runway upon which a fellow workman, without negligence, was pushing the barrow, it appeared that the shed contained nine bins, that the runway was over seven feet wide in the clear and that its flooring consisted of two inch spruce plank laid lengthwise of the way.   The barrow had two wheels forty-two inches in diameter, was about four feet and a half wide between the outside of the hubs, and weighed, with its load, about fifteen hundred pounds. There was no evidence of the width of the tires of the wheels of the barrow. The alleged defect in the runway was a worn place about ten inches long, one and one quarter inches wide and one half of an inch deep, and there was evidence which tended to show that, because of it, the barrow was caused to deflect and run over the side of the runway and fall upon the plaintiff.   *Held,* that there was no evidence of negligence on the part of the defendant, since he could not reasonably have anticipated that so slight a depression in the plank would cause such a deviation of the barrow.

TORT against a corporation maintaining coal sheds in Haverhill, by an employee therein, to recover for personal injuries caused by a wheelbarrow loaded with coal falling upon him, which was alleged to be due to a defect in a runway.   Writ in the Superior Court for the county of Essex dated January 20, 1905.

There was a trial before *Sherman,* J.   It appeared that the shed in which the accident happened was one hundred and seventy feet long, stood between a railroad and the Merrimac River, and contained nine bins.   Three runways ran across the top of the bins, and coal was transported by wheelbarrows along the runways and placed in the proper bins.   The wheelbarrow which struck the plaintiff in the manner described in the opinion was of iron, had two wheels and measured four feet and eight inches in width from hub to hub.   The width between the wheels was about four feet, and the diameter of the wheels was about forty-two inches.   Other facts are stated in the opinion.

At the close of the evidence, the defendant requested that a verdict in its favor be directed, but the presiding judge refused the request, and the defendant excepted.

*J. G. Walsh*, for the defendant.

*J. P. Sweeney, H. R. Dow & L. S. Cox*, for the plaintiff, submitted a brief.

HAMMOND, J.  This was an action of tort against an employer to recover damages for personal injuries sustained by an employee through the alleged negligence of the defendant.  The first question is whether the evidence was sufficient to warrant the jury in finding the defendant negligent.

The facts set out in the bill of exceptions as to the size, shape and construction of the building and the runway are undisputed.  The accident was caused by the fall of a barrow loaded with coal from the runway upon the plaintiff.

Upon the evidence the jury were justified in finding that, while a fellow servant of the plaintiff was wheeling the barrow of coal along the runway and was coming down the grade at a point between bin number 5 and bin number 4, the right wheel of the barrow became deflected by a worn place in the plank; that in spite of his efforts the barrow swerved to the left with such force as to go over the left side of the runway and fall upon the plaintiff; and that all this occurred without any negligence on the part of the fellow servant.

The worn place was about eight or ten inches long, one to one and a fourth inches wide, and one fourth to one half an inch in depth in its deepest part; and it is argued by the defendant that even if the worn place was the cause of the deflection of the barrow, it could not have been reasonably anticipated by the defendant that so slight a depression in the plank would cause such deviation, or indeed would have any influence whatever upon the motion of the barrow; and hence that there was no negligence in the defendant.

This contention seems to us sound.  The runway was a number of feet in length, over seven feet wide in the clear, and the flooring consisted of two inch spruce plank laid lengthwise of the way.  It was intended for rough work.  The barrow for whose use the runway was intended weighed about four hundred and fifty pounds and carried from ten to eleven

hundred pounds of coal, so that, when filled, the whole weight was about fifteen hundred pounds. It had two wheels, the width of the tires of which is not given. It cannot be expected that such a runway, used for the passage of such a barrow, can be kept as smooth as a billiard table or a dining table. The wood naturally would be more or less dented after a while. The depression was very small, — only one half an inch deep at its deepest part. When one reflects upon its diminutive size, either when taken by itself or in connection with the general size of the way, and then considers the size and weight of the barrow when loaded, it seems almost inconceivable that such a depression could have deflected the progress of the barrow to any extent whatever. But, however that may be, under the circumstances we do not think that the failure on the part of the defendant to anticipate the possibility of a deflection from such a cause and to take care to prevent it can be regarded as negligence. See in this connection *McDonald* v. *Dutton*, 190 Mass. 391.

*Exceptions sustained.*