FRANCIS E. McDONALD *vs.* BENJAMIN F. DUTTON & others.

Middlesex.    March 19, 1908. — April 6, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Negligence*, Employer's liability.    *Elevator.*

The proprietor of a large department store maintained an open, unboxed, freight elevator running from the sidewalk of a street to a sub-basement. The elevator well had a stone coping at the top and its sides below the coping were covered with plaster. The ordinary running of the elevator had caused the wall to become scratched and marred and had made a hole just below the coping about twenty inches wide, six inches high and from three quarters of an inch to an inch and a half deep, which had been left unrepaired for a long time. The store employees were accustomed to make use of the elevator in the course of their employment and one of them, when the elevator was being run in the ordinary way, was injured by having his foot, which was protruding beyond the edge of the elevator, caught in the hole, and brought an action of tort against his employer. *Held*, that there was no evidence of negligence on the part of the defendants or their servants for which the defendants could be held responsible either at common law or under R. L. c. 106, § 71.

The risks arising from the facts that the walls of the well in which is run an open, unboxed freight elevator in a department store are covered with plaster instead of with boards and metal, that the plaster has become marred and scratched in

the ordinary operation of the elevator, and that there are no guards upon the elevator, are obvious, and are assumed by employees in the store who use the elevator in the performance of their duties.

TORT for personal injuries sustained by the plaintiff, while in the defendants' employ, by reason of his foot becoming caught in a hole in the plaster wall of a freight elevator upon which he was riding. Writ in the Superior Court for the county of Middlesex dated November 4, 1902.

After a former trial of the case and a verdict for the plaintiff, exceptions by the defendants were sustained in a decision reported in 190 Mass. 391.

At a second trial, before *Dana,* J., there was evidence that the hole in which the plaintiff's foot was caught was, horizontally, from eighteen inches to two feet in length, from four to six inches high, and from three quarters of an inch to an inch and a half deep.

Other facts are stated in the opinion.

At the close of the plaintiff's evidence, on motion of the defendants, the presiding judge directed a verdict for the defendants, and the plaintiff excepted.

*W. I. Badger,* (*W. H. Hitchcock* with him,) for the plaintiff.

*R. Spring,* (*F. B. Kendall* with him,) for the defendants.

SHELDON, J. The question presented differs chiefly from that which was before the court at the previous decision in this case, 190 Mass. 391, in that the dimensions of the hole in which the plaintiff's foot was caught now appear to be somewhat greater in length and height than they then were shown to be. The only question which need be considered is whether there was any evidence of negligence in the defendants or in any one for whom they could be held responsible, in not having discovered and repaired this hole, or in not having warned the plaintiff of the danger caused by its existence.

It must be remembered that this was an open, unboxed elevator, not intended for the use of the defendants' servants except incidentally to its use in carrying freight. The situation and character of the hole were such that it could cause no injury to any one upon the elevator unless he suffered some portion of his body to protrude beyond the plane of the elevator itself. So far as danger arose from the facts that the walls of the elevator

were lined with plaster instead of boards or metal, and that there were no guards upon the platform, these were perfectly obvious conditions, and the risk of them was of course assumed by the plaintiff as incidental to the employment which he chose to accept. This principle was affirmed in the former decision in this case, 190 Mass. 391, 394. The defendants had a right to assume under these circumstances that their servants riding upon this elevator would not allow their feet to go beyond the limits of the platform, and were not bound to anticipate or guard against such possible injuries as otherwise might be caused. In this respect the case resembles *Murphy* v. *Webster*, 156 Mass. 48, 49. There were here no unusual vibrations or violent jerks or jarrings, or anything more than the ordinary movements of the elevator; and the case is not within the rule of *Moylon* v. *D. S. McDonald Co.* 188 Mass. 499, or *Finnegan* v. *Winslow Skate Manuf. Co.* 189 Mass. 580.

It cannot be said that the defendants ought fairly to have anticipated that such a break as this would cause injury to their servants using the elevator and keeping themselves within its limits. *Landrigan* v. *Taylor-Goodwin Co.* 197 Mass. 582. They were not bound to anticipate that any one would fail to do this; and it would be going too far to charge them with negligence for failing to keep the plaster walls of their freight elevator free from breaks even as large as this, or to warn their servants of the perfectly obvious fact that holes and breaks in that plaster would be caused by the ordinary operation of such an elevator, and necessarily must be of varying size.

If we assume that the plaintiff might be found to have been in the exercise of due care and to have been properly using this elevator, yet we must conclude that there was no evidence of negligence in the defendants for which they could be held responsible either at common law or under the provisions of R. L. c. 106, § 71.

*Exceptions overruled.*