## EDWARD DOOLAN *vs.* POCASSET MANUFACTURING COMPANY.

Bristol.    October 26, 1908. — November 24, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability. *Elevator. Pleading, Civil,* Declaration.

At the trial of an action by an employee against his employer, to recover for personal injuries alleged to have been received by reason of the plaintiff's being crushed against a post in the defendant's mill in Fall River by the sudden opening of doors in a floor to permit a freight elevator to come up, there was evidence tending to show that the plaintiff was in the exercise of due care and that he had not assumed the risk of the injury, and that the elevator was not equipped, as required by R. L. c. 104, § 27, with " a suitable device which shall act as a danger signal to warn people " of its approach, although no inspector, as provided by the statute, had approved of the use of the elevator without the device, and the nature of the business was not such that the necessity for the device would not warrant the expense.    The presiding judge directed a verdict for the defendant.    *Held,* that the case should have been submitted to the jury.

At the trial of an action by an employee against his employer, to recover for personal injuries alleged to have been received by reason of the plaintiff's being crushed against a post in the defendant's mill by the sudden opening of doors in a floor to permit a freight elevator to come up, there was evidence tending to show that there were no signals to warn people of the elevator's approach, that the plaintiff when injured was fifteen years of age and was mentally deficient, that he never had been warned of the danger attending the use of the elevator through the floor, that when injured he had been at work for the defendant but two days and, just before the accident, had been told to clean the elevator doors in the floor and was doing so when injured, and that his attention had not been called to the absence of warning signals.    It did not appear that the absence of the warning signals could have been discovered by mere ocular inspection or in any other way than by observing that the only warning given was by the movement of the elevator ropes which came up through the floor or by the opening of the doors.    *Held,* that there was evidence warranting a finding that the plaintiff was in the exercise of due care ; *also,* that he had not assumed the risk of the injury as matter of law.

In an action by an employee against his employer to recover for injuries due to a dangerous or defective condition of the surroundings in which or the machinery with which the plaintiff was directed to work, it is not necessary for the plaintiff, in order to rely upon the fact that he was mentally deficient, to allege such deficiency in his declaration.

TORT for personal injuries alleged to have been received by the plaintiff while in the defendant's employ and to have been caused by the sudden opening for the passage of a freight elevator of doors in the floor of the room where the plaintiff worked in the defendant's mill in Fall River, the plaintiff being thereby

caught between one of the doors and a post.  Writ in the Superior Court for the county of Bristol dated November 11, 1906.

There was a trial before *White*, J.  There was evidence tending to show that the plaintiff when injured was fifteen years of age, that he had gone to school from the time he was five until he was fourteen years of age, and that, when he left school at the latter age, he had progressed only to the second or primary grade, and that he was deficient in intelligence at the time of the trial, being unable to recognize the words "all" or "mouse" when they were spelled to him.  Other facts are stated in the opinion.

At the close of the evidence, the presiding judge directed a verdict for the defendant and reported the case for the consideration of this court, it being agreed that, if the ruling directing the verdict was right, the verdict was to stand, and, if the ruling was wrong, judgment was to be entered for the plaintiff for $500 and interest from the date of the trial.

*J. W. Cummings*, (*C. R. Cummings* with him,) for the plaintiff.

*R. P. Borden* for the defendant.

SHELDON, J.  It is provided by R. L. c. 104, § 27, among other things, that "elevators used for carrying freight shall be equipped with a suitable device which shall act as a danger signal to warn people of the approach of the elevator," but that upon the approval of the building commissioner in Boston or of the "inspector of buildings, or inspector of factories and public buildings, any elevator may be used without any or all of such appliances or devices if the nature of the business is such that the necessity for the same will not warrant the expense."  There was evidence that the freight elevator by whose operation the plaintiff was injured was not so equipped; and it might have been found that there had been no approval of its use by any of the officers mentioned in the statute, and that the nature of the business was not such that the necessity for danger signals did not warrant this expense.  The jury might also have found that the plaintiff's injury was due to the defendant's negligence in not having installed such danger signals.  If so, they would have had a right to find a verdict for the plaintiff, unless he had either assumed the risk of what happened or had been guilty of some

lack of due care which contributed to the injury. *Finnegan* v. *Winslow Skate Manuf. Co.* 189 Mass. 580. *Baldwin* v. *American Writing Paper Co.* 196 Mass. 402, 409. *McCarthy* v. *Morse,* 197 Mass. 332, 336, 337.

Even if the servants of the defendant ordinarily would by entering its service assume the risks arising from its failure to comply with the requirements of the statute, yet we cannot say that this plaintiff, in view of his age and what the jury might have found to be his mental capacity, had assumed the risk of what happened to him. He had been at work for the defendant only two days. He had been told to clean around these elevator doors. His attention had not been called to the absence of danger signals to give warning of the approach of the elevator ; and it cannot be said, as matter of law, from his confused and contradictory evidence, that he was aware of such absence. He had a right to suppose that the defendant was operating its elevator in the manner required by law ; and a single instance of the approach of the elevator without his hearing a signal might be accounted for by a temporary failure of the apparatus to work as designed, or by his own failure to hear, due either to inattention or to absorption in his work. It does not appear that the absence of the required signals could have been discovered by mere ocular inspection, or in any other way than by observing that warning never was given otherwise than by the movement of the elevator ropes or by the opening up of the doors in the floor through which the elevator passed. But if this were so, the risk from the absence of signals would not necessarily and as matter of law be assumed by reason merely of entering into the defendant's employ, or until the servant had learned that no such signals were in use. The reasoning of the court in *Patnode* v. *Warren Cotton Mills,* 157 Mass. 283, 287, and *Hodde* v. *Attleboro Manuf. Co.* 193 Mass. 237, 238, would be applicable. And for the same reasons the question of the plaintiff's due care was also for the jury.

The circumstances of this case are very different from those of *Connors* v. *Merchants Manuf. Co.* 184 Mass. 66, relied on by the defendant. The plaintiff in that case was a woman of full age and of sufficient capacity. She was acquainted with all the surrounding conditions. She was injured because she chose

without necessity to walk over a trap door simply to save time. She had no reason to suppose that any warning device had been put upon that elevator ; the statute was not in force when she began her work, and she had no right to presume that the defendant was then complying with what would become its obligation only in the future ; and in her six weeks' employment she had learned that there was nothing but the movement of the ropes to indicate that the elevator was in motion. The rule of that case is not applicable here. The same thing may be said of *Silvia* v. *Sagamore Manuf. Co.* 177 Mass. 476, 479.

Upon the evidence of the plaintiff and of his former teacher Miss McCann, it might have been found that the plaintiff was not of ordinary capacity, and that this fact ought to have been obvious to the defendant. It may be that the jury would have thought it easier to account for the character of the plaintiff's own testimony by saying that he was dishonest and was endeavoring to counterfeit stupidity than by finding that he was really lacking in mental ability ; but this was a question for them. They might say that his persistent failure to answer pertinent questions proceeded from some lack of ordinary capacity, some failure of comprehension, or some defect in the communication between the brain centres and the organs of speech, and not from a consciousness that proper answers would show the falsity of his pretenses. They might say that the answers which were finally elicited from him, so far as these were damaging to his case, were rather the wearied acquiescence of an unintelligent mind in the propositions put before it than the deliberate enunciation of understood facts. If they found that he was manifestly deficient in mental capacity, then the case would be governed by the doctrine of *Ciriack* v. *Merchants' Woolen Co.* 151 Mass. 152.

Nor can we accede to the defendant's contention that evidence to show the plaintiff's mental deficiency could not be admitted unless that deficiency had been averred in the declaration. No authority is cited for this claim ; nor are we aware of any decision that could be so cited. The real issues in these cases are as to the defendant's negligence, and the plaintiff's due care and assumption of risk. The plaintiff's mental capacity is merely a circumstance which may bear upon these issues. It is not one

of the substantive facts which are necessary to constitute the cause of action within the meaning of R. L. c. 173, § 6, cl. 2.

Accordingly, the action should have been submitted to the jury; and under the terms of the report judgment must be entered for the plaintiff in accordance with the stipulation of the parties.

*So ordered.*