GUILLAUME MERCIER *vs.* BOOTT MILLS.

Middlesex. March 11, 1912. — May 23, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DeCOURCY, JJ.

*Evidence,* Presumptions and burden of proof.

Where, at the trial of an action for personal injuries, the plaintiff testifies through
    an interpreter and his testimony is confused and sometimes scarcely intelligible
    and the jury might find him to be an ignorant and unintelligent man, if some
    parts of his testimony, taken in connection with other evidence, tend to show
    that he was in the exercise of due care when injured and that his injuries were
    due to negligence of the defendant, the case should be submitted to the jury.

TORT at common law for personal injuries suffered by the
plaintiff while in the employ of the defendant and operating an
elevator in its mill in Lowell, and alleged to have been due to a
defective and unsafe condition of the elevator. Writ dated July
15, 1910.

In the Superior Court the case was tried before *Morton,* J.
The material facts are stated in the opinion. At the close of the

plaintiff's evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*H. V. Charbonneau,* for the plaintiff.

*F. E. Dunbar, (J. J. Rogers* with him,) for the defendant.

SHELDON, J. It would be of no advantage to recapitulate the evidence in this case. The testimony of the plaintiff was confused and sometimes scarcely intelligible; and if some parts of it were to be accepted to the exclusion of others, it would appear that his injury was due merely to his having allowed some part of his body to protrude beyond the lines of the elevator which he was running, and not to any negligence of the defendant. *McDonald* v. *Dutton,* 198 Mass. 398. The statements made by the plaintiff to Moran at the hospital tend to the same conclusion. But other parts of his testimony, taken in connection with the plan which was in evidence, would indicate that there was a sudden jar or jerk of the elevator due to the fact that the points of the iron rods which should have engaged the opening of the trap doors in the fourth floor of the building did not strike these doors rightly by reason of the irregular motion of the elevator, that this failure of the points to engage rightly the centre of the trap doors and to open them properly was due to some defective construction or lack of repair of the apparatus, and that in consequence of the sudden jar thus caused the plaintiff was thrown down and injured. It must be borne in mind that the plaintiff's testimony was given through an interpreter, that the jury could have found him to be an ignorant and unintelligent man, and that it was for them to determine the effect of any inconsistencies in what he said, especially in his cross-examination, and to penetrate his meaning where that was obscure. *Doolan* v. *Pocasset Manuf. Co.* 200 Mass. 200, 203. *Picquett* v. *Wellington-Wild Coal Co.* 200 Mass. 470, 473. *Doon* v. *Felton,* 203 Mass. 267, 270. *Donovan* v. *Chase-Shawmut Co.* 205 Mass. 248, 253. *Lury* v. *New York, New Haven, & Hartford Railroad,* 205 Mass. 540, 546. Taking the most favorable view for the plaintiff, we cannot say that there might not have been a finding that his injury was due to a defective condition of the elevator.

There was evidence that this was an old elevator, that there had been difficulty in the doors opening when it went down, that the wheels and rolls were in bad condition, and that the pulley on the

fourth floor had failed to work. Also there was evidence that if the points of the iron rods did not strike between the trap doors, this would tend to produce a jar or jerk such as could be found to have caused the plaintiff's injury.

The plaintiff could be found to have been in the exercise of due care.

While on the evidence reported it could have been contended that he had failed to make out a case, and a verdict for the defendant reasonably might have been anticipated, yet the case should have been submitted to the jury. *Moylan* v. *D. S. McDonald Co.* 188 Mass. 499. *Finnegan* v. *Winslow Skate Manuf. Co.* 189 Mass. 580.

*Exceptions sustained.*