ROBERT ANDERSON *vs.* WOOD WORSTED MILLS.

Essex.    November 9, 1916. — January 6, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence*, Employer's liability, In maintaining freight elevator.

A corporation operating a mill and maintaining therein for the use of its employees a freight elevator consisting of a square open platform without any guard round its edges, the condition of which is plain to be seen, is not bound to instruct a boy fifteen years of age, who has been in its employ from four to six days, that when being transported on the elevator he must not allow his feet to protrude over the edge of it, that being a danger obvious to such a boy.

In an action by an employee in a mill against his employer for personal injuries caused by the plaintiff's heel projecting beyond the edge of the square open platform of a freight elevator maintained by the defendant, where the plaintiff contends that the operator in charge of the elevator was incompetent, but the only fact relied on to show this is the conduct of the operator at the time that the plaintiff was injured, this affords the plaintiff no ground for recovery, because, even if the operator of the elevator was negligent at that time, this does not show negligence on the part of the defendant in retaining him in its employ up to the time of the accident.

In the action above described it also was *held* that the presiding judge committed no error in excluding evidence offered by the plaintiff to show that the construction of the elevator well was defective and dangerous and to show that by the placing of a sufficient guard the injury could have been prevented, because the construction of the elevator well and the absence of a guard were obvious.

TORT by a minor, by his father and next friend, for personal injuries sustained on September 15, 1911, when the plaintiff was fifteen years of age and was in the employ of the defendant in its mill at Lawrence and in the course of his work was being transported on a freight elevator maintained by the defendant in its mill, by reason of one of his feet being caught between the open floor of the elevator and a projecting part of the brick work of the wall of the elevator well.  Writ dated December 9, 1911.

In the Superior Court the case was tried before *Sanderson*, J. The evidence is described in the opinion.  The plaintiff offered to show by one Knapp, called as an expert, that the construction of the elevator well, as it was at the time of the accident, was a defective and dangerous construction, and offered further to show that by the placing of a sufficient guard the injury complained of could

have been prevented. The judge excluded the evidence. He ordered the jury to return a verdict for the defendant on all the counts of the declaration; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*J. P. S. Mahoney & C. J. Mahoney,* for the plaintiff.

*D. J. Murphy,* for the defendant.

CARROLL, J. The plaintiff, at the time of his injury, September, 1911, was fifteen years old. He had attended the public schools in Lawrence, including the grammar school, until he was fourteen years of age. From four to six days previous to the accident he was employed by the defendant in the work of pushing a bobbin truck from the weave room on the third floor to the elevator on that floor, thence to the spool room on the sixth floor. The truck was about eight feet long and between three and four feet wide. The elevator was ten feet in width and eleven feet, ten and one half inches in length. As the elevator went up and down, it automatically worked a gate on each floor of the building on both sides of the elevator, designed to prevent people from falling into the well. The gate fitted into a "recess" or "overhang" back on the face of the wall, about four inches wide and extending upwards about two feet. Between the elevator platform and the entrance to the well there was a space of one inch. While the elevator was ascending, as it neared the spinning room, the plaintiff's heel was caught between the elevator and the "recess" or "overhang." The judge directed a verdict for the defendant.

There was no evidence of negligence on the defendant's part. The condition of the elevator was open and plain to be seen. As was stated by Sheldon, J., in *McDonald v. Dutton,* 198 Mass. 398, 400, a case very similar to the one at bar, "The defendants had a right to assume under these circumstances that their servants riding upon this elevator would not allow their feet to go beyond the limits of the platform." The plaintiff was instructed by a fellow employee when he began work, but received no instructions "whatsoever as to the construction of the elevator." The defendant was not required to instruct the plaintiff and warn him of the danger of getting his foot caught if it projected over the limits of the platform. That was an obvious danger and must have been known to the plaintiff.

.The plaintiff contends that an incompetent operator was in charge of the elevator, and that because of the defendant's failure of duty in this respect he is entitled to recover. It is enough to say that there was no evidence to support this contention. The only fact relied on is that of the conduct of the operator at the time the plaintiff was injured. Even if the operator were negligent at that time, which we do not mean to intimate, it is not enough to show negligence on the part of the master in retaining him in its employ. *Olsen* v. *Andrews,* 168 Mass. 261. *Smollett* v. *Ballou, ante,* 197.

There was no error in excluding the evidence offered by the plaintiff, namely, to show that the construction of the elevator well was defective and that by placing a guard the injury could have been prevented. The construction of the elevator well and the absence of such a guard were obvious. *O'Connor* v. *Whittall,* 164 Mass. 563, and cases cited.

*Exceptions overruled.*