JOSEPHINE BIGOS *vs.* UNITED RAYON MILLS.

Bristol.    May 5, 1938. — July 1, 1938.

Present: LUMMUS, QUA, DOLAN, & COX, JJ.

*Witness*, Cross-examination. *Physician*. *Practice, Civil,* Discretionary control of evidence, Requests, rulings and instructions. *Negligence*, Employer's liability.

Permitting cross-examination of a physician as to the ethics of disclosure of facts learned by him in his treatment of a patient for personal injuries was a proper exercise of discretion at the trial of an action for such injuries, where the physician had been called as a witness by the defendant and in direct examination had stated that previous to the trial he had made disclosures of such facts to the defendant.

A request by the defendant at the trial of an action under the employers' liability act for a ruling in substance that the plaintiff was not entitled to recover if he was injured because he was at a place where the defendant could not reasonably expect him to be, was adequately dealt with by instructions from which the jury must have understood that the plaintiff could not recover if injured as a result of violating the defendant's instructions and that such violation could be found if when injured he was in a place where the defendant could not reasonably expect him to be.

TORT. Writ in the Superior Court dated November 13, 1934.

A verdict for the plaintiff in the sum of $1,500 was returned before *Sheehan*, J. The defendant alleged exceptions.

The record disclosed that the defendant's eighth request, quoted in the opinion, was dealt with by the judge, subject to exception by the defendant, as follows: "In that language I refuse to give it. I have given it in the substance, as I think it should be given, as far as it applies to be substance of this case."

*R. H. Field*, (*E. Field & E. L. Bernstein* with him,) for the defendant.

*J. T. Farrell*, for the plaintiff.

Cox, J. This is an action of tort, which was heard by a jury, for personal injuries alleged to have been sustained by the plaintiff in the course of her employment by the defendant, who was not a subscriber to the workmen's compensation law. See G. L. (Ter. Ed.) c. 152, §§ 66, 67. The defendant, at the argument in this court, waived its exception to the denial of its motion for a directed verdict. The defendant excepted to a portion of the cross-examination of one of its witnesses — the physician who attended the plaintiff after her injury. There was evidence that after he had obtained some information from her, in his capacity as her personal physician, he gave a written "report," without her permission, to the "plant" physician. The defendant excepted to a question to the witness whether he did not know that the personal relations and statements between him and any one of his patients were confidential, to which he answered, "Sometimes"; also to the question whether he could tell when they were not confidential, "without the consent of the patient," to which he answered that he did not know; and to the question whether he had talked about "your patient's case with her employer's representatives," to which he replied that he had. The witness had testified upon direct examination that he was called by the plaintiff and examined her but got no history from her about her injury and did not be-

lieve the condition which he found was the result of the injury. The defendant has argued that there is no so called physician-patient privilege and that the admission of this evidence was highly prejudicial, although it concedes that there was medical testimony offered in behalf of the plaintiff, which, if believed, warranted a verdict for substantial damages. We think there was no reversible error. The inquiry seems to have been upon the theory that doctors do not disclose the confidences of their patients. The witness said that was true "sometimes." Evidently he thought this instance was not one of those times. The question of privilege such as exists between attorney and client was not involved. The inquiry was within the discretion of the trial judge, which is not shown to have been exceeded. *Freeman* v. *Freeman,* 238 Mass. 150, 162, and cases cited.

The plaintiff worked on both sides of a series of three "quilling" machines which were set in a row. The power to operate the machines was supplied from a belt which came from the main shafting, twelve to fifteen feet above the floor, to an eight-inch pulley between two of the machines located about three or four inches from the floor. The face of this pulley was sixteen inches in from the alley in front of the machines, and it was twenty inches in to the shaft to which the pulley was attached. There is nothing in the record to show the distance between the machines in series except that "You could not walk between two frames." The plaintiff testified that on the morning of the accident, when the power came on, she went for some spools and was putting them on the frame, and while standing there her apron was caught in the pulley; that, to save herself, "she grabbed the apron and started to pull it"; that the "belt was flapping on her shoulder and she fell to the floor"; that the belt had fallen off before her apron was caught; that it took about two minutes to get the power up to full speed; and that the belt came off about three minutes after the power started. The only other testimony as to the manner in which the plaintiff was injured came from two witnesses, one of whom

testified that the plaintiff told her that she "was holding the belt on with a spool on the pulley and the spool slipped and the belt rubbed her arm," causing a friction burn; the other witness testified that the plaintiff told him that she "was holding the belt with a bobbin and that the belt slipped off, that she was holding the spool against the belt." There was evidence that the belt in question had come off several times prior to the injury; that the plaintiff had seen it come off when the power was started and also at other times while the power was on; that she brought this to the overseer's attention about two weeks before the accident and he told her to see the fixer, which she did; that the plaintiff had been instructed never to touch the belts, gears or pulleys, and to call a fixer if a belt started to come off the pulleys; that there was nothing in her duties which would take her into the space between the machines where the pulley was located or nearer to the pulley than the aisle; and that it was not possible, if the belt came off the pulley, for it to strike a person who was in the aisle. There was further testimony, from the defendant's overseer, that, when a belt comes off, the machine is stopped and the belt has to be put on again, "during which time production of those machines . . . [is] lost." He also described the mechanics of starting the machines, from which it appears that in certain circumstances "you would probably jerk the pulley too, and you would probably throw off your belts." There was evidence from the plaintiff herself that she knew a belt was more likely to come off when the power was "just starting up" than at any other time.

The defendant requested the following ruling: "8. If the plaintiff was injured on account of being where the defendant could not reasonably expect her to be, the plaintiff is not entitled to recover."

The defendant has devoted a considerable part of its argument to what it alleges was failure on the part of the judge adequately to instruct the jury on the question of negligence. No exception of the defendant raises any such question, and nowhere in the record is there a suggestion

that the judge's attention was directed to any word or phrase of his charge as being inadequate or objectionable or to his failure adequately and clearly to set out the law, except as to the matters to which the defendant excepted and which are passed upon in this opinion. The declaration was in four counts alleging that the plaintiff's injuries were sustained by reason of a negligently defective condition of the machine upon which she was working, of a defect in the ways, works and machinery of the defendant, and of the negligence of the defendant's superintendent. The duty of a defendant in a case such as this to use reasonable care to see that its machines and all their parts are in a reasonably safe condition and suitable for their intended use, *Saxe* v. *Walworth Manuf. Co.* 191 Mass. 338, 340, and to warn an employee of dangers not open and obvious, *Sullivan* v. *India Manuf. Co.* 113 Mass. 396, 400; and its obligation to answer to an employee who is injured by reason of the negligence of one entrusted with and exercising superintendence, *Fitzgerald* v. *Boston & Albany Railroad,* 156 Mass. 293, 295, were not enlarged because the defendant was not insured under the workmen's compensation act. G. L. (Ter. Ed.) c. 152, §§ 66, 67. *Mammott* v. *Worcester Consolidated Street Railway,* 228 Mass. 282. That act, however, provides among other things that, in such a case as the one at bar, it shall not be a defence that the employee was negligent or that he assumed the risks of the injury. G. L. (Ter. Ed.) c. 152, § 66. See *Wood* v. *Danas,* 230 Mass. 587; *Currier* v. *Whitin Machine Works,* 258 Mass. 82. The trial judge properly explained to the jury the difference between contractual assumption of risk, which is still a defence to an action for injuries by an employee, and assumption of risks arising after the employment, which is no longer a defence to such an action, and also differentiated contributory negligence from assumption of risk. It has been said that this differentiation is not always easy to express. See *Berdos* v. *Tremont & Suffolk Mills,* 209 Mass. 489. *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155.

If an employee undertakes to use machinery or instruments, furnished by an employer, for purposes or in a

manner for which they were not designed, and the employer had no reason to suppose they would be so used, the employee cannot recover for injuries sustained in such use. *Felch* v. *Allen*, 98 Mass. 572. See *Shipp* v. *Boston & Maine Railroad*, 283 Mass. 266, 273. Or if that which occurs is something not reasonably to be anticipated by the employer, there is no negligence. *Jones* v. *Granite Mills*, 126 Mass. 84, 88. *Landrigan* v. *Taylor-Goodwin Co.* 197 Mass. 582. *McDonald* v. *Dutton*, 198 Mass. 398. *Lumbert* v. *Gurney*, 222 Mass. 235. *Towne* v. *Waltham Watch Co.* 247 Mass. 390, 393. See *Thompson* v. *United Laboratories Co.* 221 Mass. 276, 280.

We think the eighth request was dealt with adequately. The judge specifically directed the attention of the jury to the question of fact that formed the basis of this request, that is, whether the plaintiff was in the space between the machines or not when injured, and then stated to the jury: "And again I instruct you that, as far as the negligence of the plaintiff is concerned . . . you are not to consider that on a question of her being negligent, because again I say to you that question is not open, the question of the negligence of the plaintiff herself. But you have a right to consider it in dealing with the general question as to whether the defendant was negligent in the situation there as I have instructed you with reference to the contractual assumption of the risk and to any defective or dangerous condition that existed there. You may consider it only in that connection, but you are not to consider it in connection with any contributory negligence upon the part of the plaintiff herself. That is to say, if she was in a place where she ought not to be, whether that would be something that the defendant ought reasonably to expect in dealing with the question of a dangerous and defective condition of the ways, works and machinery there, or the defective condition of the machine." The evidence presented other material issues besides that which is involved in the request. The judge had pointed out to the jury the difference between the case at bar and "automobile cases" in which the due care of a plaintiff is an issue. He stressed the importance of

determining whether the plaintiff had been instructed not to touch the belts, gears or pulleys as bearing upon the question of contractual assumption of risk, and stated that the defendant could not be found to be negligent for failing to make provision against obvious risks existing at the time the plaintiff entered upon her employment. We think the jury must be held to have understood that the plaintiff could not recover if she was injured as a result of her violation of instructions, and that a violation could be found if she was in a place, when injured, where the defendant could not reasonably expect her to be, and also that, if she was in such a place in such circumstances, she could not recover, if injured, because of a defective condition of the machine on which she was at work. This was sufficient.

We are of the opinion that there was no error in the unusual course, taken by the judge, in reading to the jury in his charge the requests which he clearly stated were not granted.

We have considered all exceptions argued and not waived, and think there was no reversible error.

*Exceptions overruled.*