CAMILLO COSTA *vs.* JACOB KRIVITSKY.

Suffolk. November 3, 1954. — December 23, 1954.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Negligence,* Employer's liability: heavy object; Barrel.

In an action of tort by an employee against his employer to recover damages for a strain and hernia allegedly sustained in helping lift a barrel of horse manure at the direction of the defendant's son, evidence not showing the size or weight of the barrel or that the son knew or ought to have known that it was reasonably probable that the plaintiff might be injured by lifting the barrel did not warrant a finding of negligence on the part of the son, even assuming that the defendant would be liable for the son's negligence.

TORT for personal injuries sustained on or about April 12, 1949. Writ in the Superior Court dated August 12, 1949. The action was tried before *Broadhurst,* J.

*Simon Cutter*, for the plaintiff.

*Jacob J. Tutun*, for the defendant.

RONAN, J. This is an action of tort to recover for personal injuries which the plaintiff, an employee of the defendant, alleged he sustained in lifting a barrel of horse manure upon the running board of an automobile. The declaration alleged in the first count that the defendant was not a subscriber under the workmen's compensation act as he was required to be and that the plaintiff was injured in the course of his employment, and in the second count that the plaintiff was injured by reason of negligence of the defendant. The jury returned a verdict for the defendant on the first count and for the plaintiff on the second count. The judge under leave reserved, subject to the exception of the plaintiff, entered a verdict for the defendant.

There was evidence of the following facts. The plaintiff, an iron worker, was employed by the defendant who was doing business under the name of Boston Iron Works. His work consisted in part in erecting and taking down fire escapes and in making pieces for them and painting them. The defendant told the plaintiff to get two barrels and bring them across the street and fill them with horse manure, and the plaintiff, with another employee named Goldberg, did so and rolled the filled barrels into the defendant's yard. The defendant's son, who had driven an automobile into the yard, told the plaintiff and Goldberg to put a barrel on each of the running boards. The defendant's son, the plaintiff, and Goldberg put a barrel on one running board, and Goldberg held the barrel there while the son and the plaintiff went around to the other running board, where the son told the plaintiff to help him to put the barrel on that running board. The plaintiff complained that the barrel was too heavy and asked for help. The son told him to "Come on, lift it up." The plaintiff and the son then put the barrel upon the running board, and while doing so the plaintiff felt a strain which, he contended, caused a hernia which necessitated an operation. The defendant, when asked

if he was "boss of the outfit," testified that his son had as much to say as he did. The jury in answer to a special question submitted to them found that the defendant and his son were not partners.

Lack of negligence of the defendant would not be a defence on the first count if the defendant employed more than three persons provided the injuries sustained by the plaintiff "arose out of and in the course of employment." G. L. (Ter. Ed.) c. 152, §§ 66, 67, as appearing in St. 1943, c. 529, §§ 9A, 10. *Zarba* v. *Lane*, 322 Mass. 132. *Roberts* v. *Reynolds, ante*, 95. See also G. L. (Ter. Ed.) c. 152, § 1 (4), as appearing in St. 1945, c. 369. It was undisputed that the defendant had not provided for payment to his employees of compensation under G. L. (Ter. Ed.) c. 152. All we know is that the son, who was not a partner but had as much to say about "the outfit" as to what should be done as the defendant, ordered the barrels to be placed on the running boards. The automobile was driven to Brighton where the contents of the two barrels were spread upon a lawn. On his return from Brighton the plaintiff complained to the defendant that he had been hurt. One of the issues apparently on the first count was whether the son was an employee. Assuming, as we must, that the jury were properly instructed in the absence of any report of the charge, *Litos* v. *Sullivan*, 322 Mass. 193, 196, they must have found that the son was not an employee. The record mentioned the plaintiff, Goldberg and another employee. The defendant accordingly was not required to secure insurance under the workmen's compensation act. The correctness of the verdict upon that count is not before us.

To recover upon the second count, which was a count at common law, the plaintiff had the burden of showing that his injuries were due to negligence of the defendant or of one for whose negligence the defendant was liable. At the time of his injury the plaintiff was not engaged in his usual duties as an iron worker. The jury in returning a verdict for the defendant on the first count impliedly found that the son was not an employee of the defendant and expressly

found that he was not a partner.  In any event, if we assume in favor of the plaintiff that the son stood in such a relationship to his father that the latter could be held liable for negligence of the former, then we are of opinion that the son was not shown to be negligent.  The size and weight of the barrel which the son and the plaintiff were lifting are not shown by the record.  There is nothing in the bill of exceptions, which contains all the material evidence, to show that in giving the order to the plaintiff to join with him in placing the barrel on the running board the son knew or ought to have known that it was reasonably probable that the plaintiff might be injured.  *Landrigan* v. *Taylor-Goodwin Co.* 197 Mass. 582.  *McDonald* v. *Dutton,* 198 Mass. 398. *Lumbert* v. *Gurney,* 222 Mass. 235.  *Lynch* v. *C. J. Larivee Lumber Co.* 223 Mass. 335.  *Bigos* v. *United Rayon Mills,* 301 Mass. 76.  In *Vozzella* v. *Osgood,* 208 Mass. 346, and *Maciejewski* v. *Graton & Knight Co.* 321 Mass. 165, cited by the plaintiff, the weight and size of the object that the employee was handling at the time of his injury were disclosed by the record.

*Exceptions overruled.*