ELIZABETH KENDALL *vs.* CITY OF BOSTON.
SAME *vs.* CHARLES E. JENKINS & another.

Suffolk.    March 10. — Sept. 3, 1875.    AMES & ENDICOTT, JJ., absent.

The defendant, for the purpose of a concert, hired a public hall and employed a per-
son to decorate it.  Among the decorations was a bust placed on the outside of a
balcony.  The plaintiff sat in a seat on the floor of the hall immediately under the
bust.  The audience were requested, by the programme, to rise at a certain part of
the concert, and when they did so the bust fell from its place and injured the plain-
tiff.  The plaintiff offered no evidence as to the manner in which the bust was se-
cured.  *Held*, that the mere fact that the bust fell was not sufficient evidence to go
to the jury of the defendant's negligence.

TWO ACTIONS OF TORT for personal injuries sustained by the
plaintiff at a concert given by the city to the Grand Duke Alexis
on December 9, 1871.

The declaration in each case alleged that on or about the ninth
day of December 1871, the defendants were in the lawful use
and occupation and had the possession and control of a certain
building on Winter Street in Boston, known as the Boston Music
Hall; and for the purpose of ornamenting said building for an
entertainment, had placed upon the walls thereof certain deco-
rations, and among other things a certain statue or bust made of
some heavy material; that on said day the plaintiff was present in
said building upon the invitation and with the permission of the
defendants, and while she was so rightfully therein, and was in the
exercise of due care, said statue or bust fell upon her in conse-
quence of the negligence and carelessness of the defendants, and
she was thereby greatly injured.  Answer in each case : a gen-
eral denial.  Trial in this court, before *Endicott*, J., who, after
verdict, made a report of the cases to the full court, so much of
which as relates to the point decided was as follows :

The plaintiff contended that if the first action could not be
maintained, the defendants in the second action were liable per-
sonally, they being members of the committee of arrangements
appointed by the city authorities to extend the hospitalities of
the city to the Grand Duke, and under whose direction the con-
cert was given.  The bill for the rent of the hall and that of the
person who decorated it were paid by the city.

The plaintiff, having received from one of the city assessors a ticket, which was sent to her by the committee of arrangements, attended the concert, and sat in a seat assigned to her on the side of the hall, immediately under a bust of Franklin, which was attached or placed on the outside of the balcony above, and formed part of the decorations which had been put up for the occasion. As the audience rose when Old Hundred was sung, being requested so to do in the programme, the bust fell from its place, struck the plaintiff on her shoulder, and inflicted the injuries for which she seeks to recover damages. No evidence was offered in regard to the manner in which the bust was secured, but the fact that it fell was claimed to be sufficient evidence that it was negligently secured in its place.

At the close of the plaintiff's evidence, the judge ruled, on the defendants' motion, that the plaintiff could not maintain either action upon the evidence reported. Verdicts in each case were taken for the defendants. If the ruling was correct, judgments were to be entered on the verdicts; otherwise, the cases to stand for trial.

*A. A. Ranney & R. M. Morse, Jr.*, for the plaintiff.

*J. P. Healy*, for the defendants.

DEVENS, J. No evidence was offered as to the manner in which the bust had been attached to or placed upon the balcony, or as to whether it had been properly secured; but the plaintiff relied simply upon the fact that it fell, as evidence of negligence on the part of those whom she claimed to be responsible for the decoration of the hall.

Where a stage was overturned by the coming off of a wheel upon a smooth and level road, the evidence was held to be competent to show that the coach could not have been properly prepared for the road. *Ware* v. *Gay*, 11 Pick. 106. So where a railway train ran from the track and was overturned, it was fairly presumable, as the machinery and railway track were exclusively in the management of the railway company, that the accident arose from its want of care, no explanation of the cause being offered. *Carpue* v. *London & Brighton Railway*, 5 Q. B. 747. *Feital* v. *Middlesex Railroad*, 109 Mass. 398, 405.

In *Kearney* v *London, Brighton & South Coast Railway*, L. R. 6 Q. B. 759 where the plaintiff was injured by the fall of a

brick from the pier of a railway bridge of the defendant, there being no assignable cause except from the vibration produced by a train which had just before passed, and it appeared on examination that other bricks had fallen out, there was held to be evidence from which the jury might infer negligence.  As in the case of the coach, above cited, the circumstances tended to show that it could not have been properly prepared for the road, so in that of the bridge they indicated that it was improperly constructed or negligently maintained.

In all these cases, it is to be observed that the defendant has been proved to have had the exclusive control and management of those objects or agencies from some defect in which the accident must have taken place.

In the present case, it is not shown whether the balcony was or was not occupied by the audience, whether those composing the audience or others did or did not rightfully have access to the place where the bust was put, and thus whether the fall may not have been occasioned by the wrongful or negligent act of some third person.  It is not sufficient for the plaintiff to show that the injury may have been occasioned by the negligence of those whom he seeks to charge with it.  If there were other causes which also might have produced it, he is in some way to show that these did not operate.  Without some evidence as to the manner in which the bust was attached or secured, its fall alone did not furnish sufficient evidence of negligence.

In the view we have taken of the plaintiff's case, it is unnecessary to discuss what are the respective responsibilities of the defendants.                          *Judgments on the verdicts.*