DORCAS L. SIMONDS *vs.* SUSAN H. SIMONDS & others.

Suffolk. January 22, 1897. — March 5, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Remainder in Fee — Will — Partition of Real Estate — Joint Tenancy.*

A testator by will separated his homestead from the rest of his real estate, and gave his widow and unmarried daughter the use and improvement of it while they remained unmarried, the provision concluding " the use of said house and personal property to be shared equally by them, they paying the taxes and insurance thereon and keeping the same in repair, and at the decease of my said wife, I give the same to my two daughters and the survivor of them." *Held,* that the daughters took a remainder in fee as joint tenants.

PETITION to the Superior Court, for partition of land in Boston. Trial without a jury, before *Sheldon*, J., who ruled that the petitioner was entitled to partition as prayed for, and reported the case for the determination of this court. If the ruling was right, judgment was to be entered in accordance with the finding; otherwise, such judgment as justice might require. The facts appear in the opinion. The Massachusetts Society for the Prevention of Cruelty to Animals had previously intervened conformably to the provisions of Pub. Sts. c. 178, § 14.

*G. Cunningham*, for the intervening respondent, and as guardian *ad litem* for the possible issue of Dorcas L. and Susan H. Simonds.

*T. Hunt*, for the petitioner.

KNOWLTON, J. This case presents a single question in regard to the construction of the will of David W. Simonds. He left a widow, who has since deceased, and two daughters, one of whom was married and the other unmarried. In the first part of the second article of the will he left all his household furniture and property intended for use in housekeeping to his wife and his two daughters, "in trust for the benefit of my wife Louisa A. Simonds and my daughter Susan H. Simonds as long as they remain unmarried; and in case my wife should again marry or die, I give them to my said daughters for their own use." There is no doubt that this makes an absolute disposition of this part of his property, the testator's obvious purpose being to secure to his wife and unmarried daughter the use of it jointly in their home so long as they should both remain unmarried, and on the death or marriage of the widow, whether the unmarried daughter had then married or not, to give it to his two daughters in equal shares.

In the same article of the will he separates his homestead from the rest of his real estate, and gives his widow and unmarried daughter the use and improvement of it while they remain unmarried. His provision in regard to it closes as follows: "the use of said house and personal property to be shared equally by them, they paying the taxes and insurance thereon and keeping the same in repair, and at the decease of my said wife, I give the same to my two daughters and the survivor of them." By the Pub. Sts. c. 127, § 24, it is provided that "every devise shall be

construed to convey all the estate which the testator could lawfully devise in the lands mentioned, unless it clearly appears by the will that he intended to convey a less estate." Even under a will made before this statute was passed it was held that, " where land is devised to one for life, and over to another, especially to a son, without words of limitation, or any further words to express his intent, such a devise over is construed ·to be a fee." *Plimpton* v. *Plimpton,* 12 Cush. 458, 463. The words " the same " in the clause " paying the taxes and insurance thereon and keeping the same in repair," plainly refer to the homestead and the personal property mentioned above, and they have the same meaning in the clause, " I give the same to my two daughters and the survivor of them."

The language of the fourth article has no tendency to show that the remainder to the daughters after the life estate gives them less than a fee. It refers only to the rest and residue of the estate, and does not purport to include the homestead. The words " whole of my estate " in the last part of this article refer to " the said estate " mentioned in the first part of the article, and are used in contradistinction from the words " her share " which are twice used earlier in the same sentence.*

We find nothing in the will to control the natural presumption from the language, that the petitioner and the respondent took a remainder in fee as joint tenants.

*Judgment in accordance with the finding.*

---

* The fourth article gave the rest and residue " to my said daughters Dorcas L. and Susan H., in trust . . . to keep the said estate securely invested, . . . the net income to be disposed of as follows: one third part thereof to my said wife, one third part thereof to my said daughter Dorcas, and one third part to my said daughter Susan." In the event of the widow's marriage or death, " said income is to be paid to my two daughters, and at the decease of either of my said daughters without issue living, I give her share of said income to the survivor; but if either should die leaving issue living, I give her share of said income to said issue until they severally arrive at the age of twenty-one years, and at the decease of my said wife and both of my said daughters, their issue if any being twenty-one years of age, I give the whole of my estate to the Massachusetts Society for the Prevention of Cruelty to Animals," etc.