GEORGE HEUSER *vs.* TILESTON AND HOLLINGSWORTH COMPANY.

Suffolk.    March 27, 1918. — May 24, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Evidence,* Presumptions and burden of proof, Inferences, Remoteness. *Negligence,* In wrecking work. *Practice, Civil,* Requests, rulings and instructions.

While the employees of a wrecking company were engaged in tearing out brick work around upright boilers in a mill and workmen of the owner of the mill were cutting off the tubes inside the boilers with chisels and taking down the boilers, one of the company's employees was injured by being struck on the head by a falling chisel. The owner's workmen alone were using chisels on the day of the accident. The boilers were thirty feet high and thirty inches apart, and between the tops of the two boilers near which the injured employee was at work a plank was laid. A chisel had been seen with one part "lapped over from the edge of the boiler to the plank." There was some vibration of the boilers caused by the cutting of the tubes. At the time of the accident the plank fell. About the time of the accident a workman of the mill owner, carrying two chisels which had been sharpened, went up a ladder to enter the top of a boiler at the bottom of which the employee afterwards injured was working. In an action by the injured employee of the company against the mill owner for the injuries so received,

upon evidence at the trial tending to prove the foregoing facts, it was *held,* that findings were warranted, either that a chisel left upon the plank fell with it and struck the plaintiff, or that the workman of the owner as he ascended the ladder dropped a chisel upon the plaintiff; that, whichever was the cause determined upon by the jury, a further finding was warranted that the plaintiff's injuries were due to negligence for which the defendant might be found to be responsible.

A finding of the jury for the plaintiff at the trial of the action above described could not be said as a matter of law to be based upon conjecture, but was warranted by reasonable inferences from facts which might have been found to exist.

Where a company under contract with a mill owner is tearing away brick work around upright boilers while workmen of the mill owner are taking down the boilers, the mill owner owes to the employees of the company the same duty not to injure them that he owes to his own workmen.

Testimony, at the trial of the action above described, that a day or two before the accident a workman of the defendant was seen to come up half way through the manhole in the top of the boiler, pick up something and go back again, was admissible as having some tendency to show that something was on the plank and, in connection with other testimony of the same witness that he had seen tools on the plank, such testimony warranted an inference that the plank was used by workmen of the defendant to place tools upon.

TORT for personal injuries alleged to have been received, while the plaintiff, an employee of the Jarvis Engineering Company, was at work on premises of the defendant, by reason of negligence of employees of the defendant in causing a chisel to fall upon him. Writ dated September 15, 1916.

In the Superior Court the action was tried before *Sanderson,* J. The material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor and asked for rulings which, with the disposition made of them by the presiding judge, were as follows:

"1. The defendant as owner of the premises in question, owed to the plaintiff and the other employees of the Jarvis Engineering Company at the most only the same duty that the defendant owed to his own employees." This ruling the judge gave in the following form: "1. The defendant, as owner of the premises in question, owed to the plaintiff and the other employees of the Jarvis Engineering Company, as to the condition of its premises, the same duty that the defendant owed its own employees."

"2. If all the conditions surrounding the plaintiff were plainly to be seen if he looked, no duty was owed to the plaintiff by the defendant in any way to change the premises, nor any duty to warn or instruct the plaintiff." This ruling the judge gave in the

following form: "2. If all the conditions surrounding the plaintiff were plainly to be seen if he looked, no duty was owed to the plaintiff by the defendant in any way to change the premises, nor any duty to warn or instruct the plaintiff as to those conditions."

The jury found, in answer to a special question, that the plaintiff was injured by being hit by a chisel and not by a plank; and found for the plaintiff in the sum of $1,200. The defendant alleged exceptions.

*E. C. Stone*, for the defendant.

*W. R. Bigelow*, for the plaintiff.

CROSBY, J. The plaintiff was injured by a chisel which fell striking him on his head. The undisputed facts show that the plaintiff was an employee of the Jarvis Engineering Company which was engaged in wrecking some upright boilers at the defendant's mill by tearing out the brick work around them, while at the same time the defendant's employees were removing the tubes and taking down the boilers; the tubes were disconnected from the boilers by cutting them with steel chisels, and the men doing this work entered the boilers by openings in the tops which were reached by a ladder. The boilers were about thirty feet in height and about thirty inches apart. At the time of the accident some of the defendant's workmen were inside one of the boilers cutting the tubes, and the plaintiff was removing the brick wall near the ground beneath where the defendant's employees were at work. There was evidence that a plank was laid across the tops of two of the boilers and that in cutting the tubes there was more or less vibration; that about the time of the accident one O'Riordan, an employee of the defendant, went up the ladder carrying two chisels which had been sharpened. A witness called by the plaintiff testified that he had seen tools on the plank; that just before the accident he heard the ring of a chisel and saw the plaintiff fall although he did not see anything strike him; "that he had seen the chisel before at the top of the boiler, and when he saw it, it was halfways on the plank and halfways on the boiler, — that is, one part of the chisel lapped over from the edge of the boiler to the plank right at the drum-head." A chisel was found near where the plaintiff was struck and there was evidence that similar chisels were being used by the defendant's employees at that time. It appeared that while chisels also were used by the

employees of the Jarvis Engineering Company in removing the brick wall, none were in use on the day of the accident or the day before, and that the plank fell at the same time as the chisel which struck the plaintiff. The testimony tended to show that he was rightfully at work on the premises and was in the exercise of due care; and that during the time in question the defendant's employees were the only workmen using chisels. Upon this evidence, it could have been found that the chisel which struck the plaintiff was either dropped by O'Riordan as he was carrying it up the ladder, or that it had been left upon the plank by an employee of the defendant, and that the plank and chisel were caused to fall by the vibration due to cutting the tubes; and although no one saw the chisel fall, it would seem that these are the only reasonable explanations of the accident.

If it happened in either way, it could have been found to be due to the negligence of the defendant's employees who were not fellow servants of the plaintiff. Under such circumstances the defendant owed to the plaintiff the same duty not carelessly to injure him that it owed to its own employees. *Pettingill* v. *William Porter & Son, Inc.* 219 Mass. 347, and cases cited. The finding of the jury cannot be said to have been based upon conjecture. Reasonable inferences could have been drawn from facts found to exist which would support the verdict. As was said in *Melvin* v. *Pennsylvania Steel Co.* 180 Mass. 196 at page 202, "The plaintiff was not bound to show the particulars of the defendant's negligence. It was enough if he showed facts from which negligence properly might be inferred. *Mooney* v. *Connecticut River Lumber Co.* 154 Mass. 407, 409. In the absence of any evidence from the defendant to explain the facts relied on, the jury well might find for the plaintiff." The facts there are similar in many respects to those in the case at bar, and that case is decisive. *Lowner* v. *New York, New Haven, & Hartford Railroad,* 175 Mass. 166. *Woodall* v. *Boston Elevated Railway,* 192 Mass. 308. *Davis* v. *Boston Elevated Railway,* 222 Mass. 475.

The exceptions to the testimony of the witness Packard, that within a day or two before the accident he had seen O'Riordan come up half way through the manhole and pick up something and go back again, cannot be sustained. This testimony had some tendency to show that something was on the plank, and in con-

nection with the testimony of the same witness that he had seen tools on it, it could have been inferred that the plank was used for that purpose.

The exception of the defendant to the refusal of the presiding judge to give its first and second requests for instructions in the exact language presented, must be overruled. The instructions given were substantially as requested, and were accurate.

*Exceptions overruled.*