MIRIAM BLOCK *vs.* THE OPERA HOLDING COMPANY.

Suffolk.   December 3, 1926. — January 7, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Negligence,* Res ipsa loquitur, Of proprietor of opera house. *Evidence,* Presumptions and burden of proof.

At the trial of an action of tort by a woman against the proprietor of an opera house for personal injuries and property damage due to lemonade being spilled upon her when she was sitting in a seat and watching

a performance, there was evidence tending merely to show that the lemonade was spilled upon the plaintiff in the dark; that a certain person had a "concession" from the defendant to sell lemonade in the opera house, but that he was not employed by the defendant; and that no lemonade was sold to persons in their seats. *Held*, that

(1) The doctrine of *res ipsa loquitur* was not applicable;

(2) There was no evidence of negligence of the defendant.

TORT. Writ in the Municipal Court of the City of Boston dated January 5, 1925.

Material facts, evidence, and findings at the trial in the Municipal Court are stated in the opinion. The plaintiff asked for the following rulings:

"1. The fact that the defendant company had not given expressed permission to any third party to sell liquids to the patrons of the theatre during the performance, does not release the defendant company from legal liability if the acts of the said third person in selling the said liquid to the audience was done with the full knowledge and consent of the defendant company.

"2. There is no evidence that the San Carlo Opera Company had any control or supervision over the ushers or persons selling liquid refreshments to the audience.

"3. The general manager of the defendant company as agent for the defendant company had supervision over the said persons selling the said liquids to the audience at the said Boston Opera House on the evening of November 7, 1924.

"4. If persons are permitted by the defendant company to sell liquid refreshments to the audience and through the negligence of said third persons the plaintiff is injured, the defendant company is legally liable for the said negligence of the said third persons.

"5. If there was a written agreement between the defendant company and a third party in regard to the sale of candy and cigars to the patrons who attended the said theatre and this agreement was violated by the said third party with the full knowledge and consent of the defendant company, then the said agreement is no protection to the defendant company for the negligent acts of the said third parties.

"6. The plaintiff was a patron of the Boston Opera House. The defendant opera company owed a duty to the plaintiff,

to use all reasonable care for the protection and safety of the plaintiff.

"7. Managers of theatres who invite the public to become their patrons and guests and thus submit personal safety and comfort to their keeping, owe a special duty to those who accept their invitation.

"8. The fact that liquid refreshments were sold among the audience by an independent contractor would not wholly relieve the defendant from responsibility, provided that it was of such a kind as it would probably cause injury to the audience unless due precautions were taken to guard against harm.

"9. The accident happened from a cause that might have been prevented, and that it ought to have been foreseen and guarded against by somebody."

The seventh ruling was given; the others were refused. The judge found for the defendant and reported the action to the Appellate Division, who ordered the report dismissed. The plaintiff appealed.

*J. F. Gadsby,* for the plaintiff.

*J. T. Connolly,* for the defendant.

CROSBY, J.   The plaintiff seeks to recover for injury to her person and damage to her clothing, caused by the spilling of lemonade upon her while occupying a seat in the Boston Opera House on the evening of November 7, 1924, during a public performance given by the defendant.   The plaintiff was seated in the second balcony, next to and directly in front of a passageway which ran parallel to the rows of seats.   At the end of this passageway was a stand where lemonade was sold to persons in the audience.

One Heller testified that for four years he had been the manager of a "concession" to sell lemonade in this opera house; that he was not employed by the defendant but by a third party who, he understood, "had the concession" from the defendant to sell lemonade there that boys brought up in cups on trays; that none was sold to persons in the audience while in their seats, they would have to purchase it at the stand.   The vice-president of the defendant, in answer to interrogatories, stated that no one was authorized by the defendant to sell lemonade in the opera house on the

evening in question; that no agreement had been entered into with the defendant by any one in reference to the sale of lemonade on the evening the plaintiff was injured. There was evidence that, while the plaintiff was in her seat watching the performance, and while the theatre was dark, a large quantity of lemonade was spilled upon her; that she was made ill by the shock and that her clothing was damaged.

The trial judge found that "there was no evidence of negligence on the part of the defendant nor any evidence tending to show the cause of the accident except lemonade spilled in the dark upon the plaintiff." This finding must stand unless unsupported by the evidence. If, as could have been found, the defendant leased the privilege of selling lemonade at the stand at the end of the passageway to the employer of Heller, and Heller was the manager of that business, yet there was no evidence to show he was in the employ of the defendant, nor that the defendant had anything to do with the sale of lemonade in the theatre. The accident occurred in the dark, and upon this meagre record the trial judge was warranted in finding that there was no evidence of negligence of the defendant.

The doctrine of *res ipsa loquitur* is not applicable to the case at bar. While the mere occurrence of an injury sometimes raises a presumption of liability on the part of a defendant, yet in such cases it must appear that the instrumentality causing the injury was in the control of the defendant. *Kendall* v. *Boston*, 118 Mass. 234. *Hofnauer* v. *R. H. White Co.* 186 Mass. 47. *Morris* v. *Eastern Steamship Corp.* 221 Mass. 306. All that appears in the present case is that the lemonade was spilled on the plaintiff. The evidence does not show that it was the property of the defendant or within its control. *Kendall* v. *Boston, supra*. *Trim* v. *Fore River Ship Building Co.* 211 Mass. 593.

Upon the record presented, the finding that there was no evidence of negligence of the defendant was not erroneous in law. The plaintiff's seventh request was given. The sixth in substance was covered by the seventh. The others were rightly denied.

*Order dismissing report affirmed.*