JOHN KELLEY *vs.* BOSTON WOVEN HOSE AND RUBBER
COMPANY.

Middlesex.    February 4, 1931. — February 26, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Negligence,* In use of freight car, Res ipsa loquitur. *Evidence,* Presumptions and burden of proof.

At the trial of an action of tort against a corporation owning property adjacent to the tracks of a railroad corporation, onto which freight of the defendant was moved by means of spur tracks leading into the defendant's yard, there was evidence that none of the employees of the railroad corporation had anything to do with the loading of the freight cars in the defendant's yard; that the switching operations therein were in charge of employees of the railroad corporation, whose duty it was to see that everything was free and clear and that it was safe to move the trains; that a certain car had been partially unloaded and had been moved fifteen to eighteen car lengths towards the main tracks of the railroad corporation, when a bale of rubber fell from an open door in the car upon the plaintiff, an employee of the railroad corporation, who was standing near a switch waiting to throw it after the car had passed. There was no evidence that, when the car was partially unloaded, the remaining contents of the car were left in an unsafe condition or that the door was left open by the defendant's employees. *Held,* that

(1). Assuming that the door had been left open by the defendant's employees, the failure to close it could not properly have been found to be negligence on the part of the defendant's employees, since the car was in the control of the employees of the railroad corporation during switching operations;

(2) The doctrine, *res ipsa loquitur,* was not applicable;

(3) The plaintiff, having failed to sustain the burden resting upon him of proving negligence on the part of the defendant, could not recover.

TORT.    Writ dated July 20, 1923.

The action was tried in the Superior Court before *Weed,* J. There was evidence that none of the employees of the railroad corporation had anything to do with loading the cars. Other material evidence is stated in the opinion. Subject to leave reserved under G. L. c. 231, § 120, a verdict for the plaintiff in the sum of $1,350 was recorded. Thereafter, the

judge ordered the entry of a verdict for the defendant. The plaintiff alleged exceptions.

*L. Bean, Jr.,* for the plaintiff.

*E. W. Sawyer,* for the defendant, submitted a brief.

CROSBY, J.    The question in this case is whether the evidence warranted a finding that the plaintiff received an injury through the negligence of the defendant or its servants. At the close of the evidence the defendant presented a motion for a directed verdict, which was denied. Thereafter the trial judge reserved leave to enter a verdict under G. L. c. 231, § 120. The jury found for the plaintiff, whereupon the judge upon motion of the defendant ordered a verdict to be entered for the defendant; the plaintiff excepted.

The testimony tended to show the following facts: The defendant's premises were enclosed by a fence and were adjacent to the tracks of the Boston and Albany Railroad Company. There were two spur tracks which extended from the main tracks of the railroad to a building of the defendant on its land, which were used for the transportation of freight to and from the building. The employees of the railroad company were directed by the defendant to move certain freight cars on its sidings to the main tracks; one of these cars contained bales of rubber, the property of the defendant. The door of this car was open, and while the cars were being moved a bale of rubber about two feet square fell out of the car and injured the plaintiff, an employee of the railroad company, who was standing at or near a switch waiting to throw it after the cars had passed. There were other bales of rubber in the car at the time of the accident. The switching operations were in charge of a yard conductor in the employ of the railroad company. He was called as a witness by the plaintiff and testified that at the time they were moving these cars there were no men there unloading them; that it was the duty of himself or his brakeman, before starting, to see that everything was free and clear and that it was safe to move the train.

The plaintiff contends that the evidence warranted a finding of negligence of the defendant in two respects: (1) that the contents of the car. were not left in a safe and proper condition for switching the car from the spur track to the main track; and (2) that the defendant was negligent in leaving the car door open. With respect to the first contention, there was no direct evidence that, when the car was partially unloaded by the removal of a portion of its contents, the remainder in the car was left in an improper and unsafe condition. As to the second contention, it does not appear that, when a portion of the contents had been removed, the door had been left open by the defendant. If, however, it be assumed that the door was left open by the employees of the defendant, it does not follow that the failure to close it could be found to be an act of negligence on the part of the defendant. The car was in the control of the railroad company when the cars were being switched, and it could not properly have been found to be negligence on the part of the defendant to fail to close the doors before the cars were moved. There was testimony tending to show that the train had moved from fifteen to eighteen car lengths before the bale fell. The burden of proof rested upon the plaintiff to show that the accident was due to negligence of the defendant; as that burden was not sustained, a verdict was rightly ordered for the defendant. *Kendall* v. *Boston,* 118 Mass. 234. *Mahoney* v. *Libbey,* 123 Mass. 20. *Hofnauer* v. *R. H. White Co.* 186 Mass. 47. *Morris* v. *Eastern Steamship Corp.* 221 Mass. 306. *Kimball* v. *George A. Fuller Co.* 258 Mass. 232. *Block* v. *Opera Holding Co.* 258 Mass. 269.

The cases of *Lane* v. *Atlantic Works,* 111 Mass. 136, *Griffin* v. *Boston & Albany Railroad,* 148 Mass. 143, *Melvin* v. *Pennsylvania Steel Co.* 180 Mass. 196, *Bechtold* v. *Rae,* 231 Mass. 151, *Navien* v. *Cohen,* 268 Mass. 427, and other cases cited by the plaintiff, are distinguishable in their facts from the present case.

The doctrine of *res ipsa loquitur* is not applicable to the

case at bar. As was said in *Block* v. *Opera Holding Co.* *supra*, at page 272: "While the mere occurrence of an injury sometimes raises a presumption of liability on the part of a defendant, yet in such cases it must appear that the instrumentality causing the injury was in the control of the defendant."

*Exceptions overruled.*