Sullivan, J.
This action for personal injuries is based upon tort or contract by reason of the use of a broken bottle handled by the plaintiff while being served with food and refreshments at a banquet given by the Moses Mendelsohn Lodge.
As there was a finding in favor of the defendant he is entitled to have the evidence considered in its aspect most favorable to him. Winchester vs. Erickson, 281 Mass. 210, 212. Laroche vs. Singsen, 281 Mass. 369.
*309 Such evidence tended to show that the plaintiff, a member of said lodge, was served with a bottle of beer by a waitress of the defendant who placed the same on the table before him; that she examined the bottle according to instructions, for any breaks in it before it was placed in the icebox; was thereafter, wiped when taken from the box to be placed on the banquet table to be served to the guests; that said beer was not to be served until after chicken had been served the diners, and then at the request of the diners; that when the waitress was about to serve the beer, the plaintiff told her that he had cut his hand by banging the cap of the bottle against the edge of the table which caused it to break cutting the plaintiff’s hand; that there was no bottle opener on the table.
There was contrary evidence by the plaintiff that the bottled beer was placed on the table by the waitress, with a bottle opener; that soon after the plaintiff, in opening the bottle with his right hand used the opener holding the bottle with his left hand; that the cap of the bottle came apart from the glass top of the bottle causing injury to his thumb.
Upon this state of the evidence there was a finding for the defendant. The plaintiff filed the following requests which were denied. No. 6. The fact that the bottle broke while subjected to the use for which it was made is of itself evidence of negligence. No. 8. On all the evidence a finding for the plaintiff is warranted. The trial court in a memorandum of findings declared “that the bottle of beer when placed upon the plaintiff’s table was reasonably fit to be served at the banquet”; that there was no breach of warranty on the part of the defendant; “that the defendant exercised reasonable care and diligence in handling and examining the bottle of beer before it was placed on the plaintiff’s table and that the evidence does not warrant a finding that the defendant was negligent.”
*310 The defendant is aggrieved at the disposition of the two requests above set forth and alleges that the doctrine of “res ipso loquitur” applies.
The doctrine of “res ipso loquitur” applies and the act itself is evidence of negligence, “when the direct cause of the accident and so much of the surrounding circumstances as was essential to its occurrence, were within the sole control and management of the defendants, or their servants, so that it is not unfair to attribute to them a prima facie, responsibility for what happened.” Goldman vs. Boston, 274 Mass. 329, 330. Wing vs. London General Omnibus Co. (1909) 2 K. B. 652, 663. Reardon vs. Boston Elevated Ry., 247 Mass. 124, 126. Wilson vs. Colonial Air Transport Inc., 278 Mass. 420. Lynch vs. N.Y., N.H., & Hartford R. R. Co., 294 Mass. 152, 161 and cases cited.
The undisputed evidence shows that the bottle of beer was placed on the banquet table by the defendant’s waitress in front of the plaintiff which could be used by him whenever he wished it. It left the possession and control of the defendant. It was in the possession and control of the plaintiff on the table in front of him.
According to the rule laid down in the above cited cases to hold the defendant liable it is necessary that the plaintiff show that the instrumentality causing the injury must be in the control of the defendant. This, the plaintiff has failed to do. “While the mere occurrence of an injury sometimes raises a presumption of liability on the part of the defendant, yet in such cases it must appear that the instrumentality causing the injury was in the control of the defendant”. Kendall vs. Boston, 118 Mass. 47. Morris vs. Eastern Steamship Corp., 221 Mass. 306. Block vs. Opera Holding Co., 258 Mass. 269, 272. Vozella vs. Boston & Maine R. R., 296 Mass. 491, 493.
*311 The doctrine of “res ipso loquitur” does not apply in the instant case.
The denial of the plaintiff’s request No. 6 was correct. It is contended the same was made without explanation by the trial judge. The latter could have found that the. plaintiff himself broke the bottle by tapping it on the edge of the table, thereby causing the injury. It was the duty of the waitress to serve the beer after the chicken was served. The plaintiff did not ask her service, but attempted to serve himself. The bottle was broken through the negligence of the plaintiff. It is apparent that the court believed the defendant’s version of the incident as is shown by the finding that the defendant was not negligent, which was very evidently made after a due consideration of the evidence.' There is no evidence of any negligence on the part of the defendant. Ruffin vs. Coca Cola Bottling Co., Mass. Ad. Sh. (1942), 883-885.
The defendant was not an insurer in placing the bottle on the table. There was no prejudicial error in the denial of this request. The denial of request No. 8 was correct though the plaintiff contends such action was taken by the trial judge without explanation. The court could have granted such request but found that there was other evidence that if believed, and it was believed, that the defendant was in the exercise of “reasonable care and diligence in the handling and examining the bottle of beer before it was placed on the plaintiff’s table and that the evidence does not warrant a finding that the defendant was negligent.”
Such disposition comes within the rule as laid down in Strong vs. Haverhill Electric Co., 299 Mass. 455, 456, Bresnick vs. Heath, 292 Mass. 293, 298, 299.
The refusal of the requested ruling did not deprive the plaintiff of the right to have the evidence considered upon *312 the material issues of fact. The judge did consider the evidence upon the crucial question of fact and found that the defendant was not negligent. That finding supported and indeed required a finding for the defendant. The result of the case does not depend upon the refusal to rule and the ruling implied in that ruling (Cameron vs. Buckley, 299 Mass. 432). Strong vs. Haverhill Electric Co., 299 Mass. 455, @ p. 456. Bresnick vs. Heath, 292 Mass. 293. Forbes vs. Gordon & Gerber, Inc., 298 Mass. 91, 94, 95. See also Long vs. George, 296 Mass. 574, 578.
It would serve no useful purpose to comment on the evidence as the same has been sufficiently set out and as it is a question as to which of the parties the trial court should believe, we cannot set aside the finding when the same is based on oral testimony that is conflicting unless such finding is plainly wrong. Bowles vs. Comstock, 286 Mass. 159, 167. Draper vs. Draper, 267 Mass. 528, 531. Johnson vs. O’Lalor, 279 Mass. 10, 13. Eddy vs. Eddy, 281 Mass. 156, 158.
We cannot say that it is plainly wrong. The judge who hears the testimony from the mouths of witnesses . . . has a better means of weighing the credibility of their conflicting statements than this division can possibly have upon the printed record of their testimony. Berman vs. Coakley, 259 Mass. 159, 162. Hollidge vs. Colonial Trust Co., 270 Mass. 52, 57.
There was evidence to sustain the finding for the defendant and we cannot say that finding was unwarranted. Boston & Albany R. R. Co. vs. Commonwealth, 296 Mass. 426.
The plaintiff further contends that upon the pleadings of the various counts in contract there was prejudicial error in the disposition of the requested rulings. The court in its findings has shown that there was no prejudicial error as they relate to such counts.
*313 . The report does not set out that it contains all the evidence material to the issues involved. It has been decided many times that it is the duty of the party seeking the report, in this instance the plaintiff, to set out all the evidence touching the questions involved. Comm. vs. McIntosh, 259 Mass. 388, 391. See Monaghan vs. Goddard, 173 Mass. 468. Todd vs. McLeod, 168 Mass. 144, 146. Barnes vs. Loomis, 199 Mass. 578, 581.
If for no other reason, the failure on the part of the plaintiff to set out all the evidence material to the issues involved, this division must dismiss the report.
All issues raised by the plaintiff have been examined and there appears no prejudicial error apparent on the record.
Report dismissed.