NELLIE M. BRIGGS *vs.* NEW BEDFORD AMUSEMENT COMPANY, INC.

Bristol.    October 28, 1943. — November 30, 1943.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Negligence,* Theatre.

A finding of negligence of the proprietor of a theatre toward a patron was not warranted by evidence merely that the patron got a splinter in his leg when passing a turned down seat in leaving the theatre, and that the next day the manager of the theatre, examining seats "about" where the patron had been sitting, found that they were not perfectly even and smooth and had an appearance "like little nicks."

TORT. Writ in the Third District Court of Bristol dated August 24, 1940.

On removal to the Superior Court, the case was tried before *Hurley,* J., and in this court was submitted on briefs.

*G. H. Young,* for the plaintiff.

*T. F. O'Brien & G. P. Walsh,* for the defendant.

Cox, J. The jury returned a verdict for the plaintiff in her action of tort to recover damages for personal injuries. Thereafter, under leave reserved, the trial judge allowed a motion for entry of a verdict for the defendant. G. L. (Ter. Ed.) c. 231, § 120. The plaintiff's exception to the allowance of this motion presents the only question.

The jury could have found that the plaintiff and her sister were invitees in the defendant's theatre. They occupied adjoining seats, the plaintiff's sister sitting next to the aisle. As they were leaving, the sister stepped into the aisle, leaving her seat down, and as the plaintiff was pass-

ing this seat, she felt something prick her right leg as it came in contact with the woodwork which is about one half inch in thickness and frames or boxes the seat. There were no immediate signs of objective injury, but, on the following day, a splinter, which was between one half and three fourths of an inch in length and about the thickness of a needle or thread, was removed from the plaintiff's leg. The plaintiff notified the defendant's manager of her injury on the day that the splinter was removed, and showed him "about" where she had been sitting. The manager examined the seats next to the aisle at the place indicated and testified that the wood around them was not perfectly even and smooth. In answer to the question: "There was some indication that particles of the wood had been broken away from the original piece at some time?" he replied, "Maybe at some time, but it was like little nicks."

The defendant's duty to the plaintiff as an invitee need not be repeated. See *Keenan* v. *E. M. Loew's, Inc.* 302 Mass. 309, 311; *Cheetham* v. *Crescent Gardens Operating Co.* 311 Mass. 320. The defendant was not an insurer of the plaintiff's safety. The vital question in the case is whether upon the evidence it could have been found that the condition of the seat in question was such that, in the exercise of reasonable care, it should have been discovered by the defendant before the plaintiff received her injury.

There is no suggestion in the evidence that the construction of the seat was improper or that seats like it were not in general use in theatres, see *Lord* v. *Sherer Dry Goods Co.* 205 Mass. 1, 2–3; *Rynn* v. *Fox–New England Theatres, Inc.* 299 Mass. 258; *Sterns* v. *Highland Hotel Co.* 307 Mass. 90, 93, or that the condition of the seat, in relation to the splinter, was anything more than transitory and of recent origin. Compare *Keenan* v. *E. M. Loew's, Inc.* 302 Mass. 309, 310, 312; *McGillivray* v. *Eramian*, 309 Mass. 430, 431. The description of the splinter, as it is called, does not serve to indicate the length of time it had been there. *Cheetham* v. *Crescent Gardens Operating Co.* 311 Mass. 320, 321, and cases cited. See *Mucha* v. *Northeastern Crushed*

*Stone Co. Inc.* 307 Mass. 592, 595. Moreover, the evidence that on the day after the plaintiff was injured the wood around the seats that were examined by the defendant's manager was not perfectly even and smooth and had an appearance "like little nicks" is not in our opinion sufficient to warrant a finding that a splintered condition of the seat where the plaintiff was injured had existed long enough so that a reasonably diligent proprietor of a theatre should have known of its existence. See *Bell* v. *Dorchester Theatre Co.* 308 Mass. 118.

*Exceptions overruled.*