LoConto, P.J.
This is an action to recover damages for the personal injuries allegedly sustained by the plaintiff in consequence of the defendant’s negligent maintenance of a wooden hand rail on her property. The trial judge allowed the defendant’s motion for a directed verdict at the close of the plaintiff’s case before the jury. The plaintiff has appealed that ruling.
The relevant facts presented to the jury, viewed in the light most favorable to the plaintiff, Providence & Worcester R.R. v. Chevron U.S.A. Inc., 416 Mass. 319, 321 (1993), are as follows. On November 15,2003, the plaintiff exited the premises he rented from the defendant via the outside front stairway. As the plaintiff was using the hand rail to assist in his descent, a five-inch or six-inch sliver protruding from the hand rail pierced his hand. Photographs of the hand rail, which was constructed of pressure-treated wood, were introduced into evidence. On the date of his injury, the plaintiff, who had been a carpenter for twenty years before changing jobs, had been a tenant of the defendant for approximately eight months. He testified that because he had typically used the side entrance to exit and enter his unit, he had used the front stairway in question infrequently and had never examined that stairway’s hand rails prior to the incident.
The defendant, who had owned the property since 1998, occupied the adjoining apartment of the duplex. She testified that she used the front stairway “once a month, or if I needed to go over there if they called me,” and had never seen anything on the hand rails “sticking out... any defects.” The plaintiff had also testified that he never noticed any splinters on the hand rail before his injury, and that the splinter was of the same color as the hand rail itself. The defendant testified that from the time she purchased the property, she had never been required to perform any maintenance of the stairway railings. The plaintiff first reported the incident in question to her a few weeks after the event, and had never given the defendant notice of any problems with the condition of the front stairway before that time.
Generally, “[t]he mere occurrence of an accident... without more, is insufficient evidence of negligence.” Osborne v. Hemingway Transp., Inc., 28 Mass. App. Ct. 944, 945 (1990),[1] and property owners are not insurers of the safety of persons on their *22 property. Mounsey v. Ellard, 363 Mass. 693, 707-709 (1973). Landowners, including the defendant, are obligated to maintain their property in a reasonably safe condition, Davis v. Westwood Group, 420 Mass. 739, 743 (1995), “in view of all the circumstances, including the likelihood of injury to others, the seriousness of the [potential] injury, and the burden of avoiding the risk.” O’Sullivan v. Shaw, 431 Mass. 201, 204 (2000), quoting Mounsey, supra at 708. The defendant, as a residential landlord, owed a duty to the plaintiff and all persons lawfully on the premises to exercise reasonable care to maintain those premises, including both the residential units and the common areas, in a reasonably safe condition. To prove his claim that the defendant breached that duty and was liable in negligence, the plaintiff was required to establish that he suffered injury as the result of a defect on the premises that the defendant created, had actual knowledge of prior to his mishap, or should have discovered and remedied in the exercise of due care. See Oliveri v. Massachusetts Bay Transp. Auth., 363 Mass. 165, 166-167 (1973).
The record is devoid of any suggestion that the defendant caused, or had actual knowledge of, the splinter in the hand rail, or that the existence of the splinter had ever been reported to her by the plaintiff or any other person prior to the incident in question. Absent that evidence, “ [t]he vital question is whether upon the evidence it could have been found that the condition of the [hand rail] was such that, in the exercise of reasonable care, it should have been discovered by the defendant before the plaintiff received [his] injury.” Briggs v. New Bedford Amusement Co., 315 Mass. 84, 85 (1943). The plaintiff failed to advance any evidence that would have satisfied this essential element of his burden of proof.
There was no evidence that the construction of the hand rail was improper, or that the material was not appropriate for the use intended. Nor was there any proof that the splinter, or any other defect, had been observed when the stairway was used just one week prior to the plaintiffs incident. The plaintiffs description of the splinter itself failed to suggest the length of time it had been there. Nor was the plaintiffs case advanced by the introduction of photographs taken several weeks after the incident. Plaintiffs counsel’s statement that the railings appeared discolored in those photographs obviously failed to constitute evidence that the defendant was aware of any defect in the railings. The ultimate question was whether there was any evidence “to warrant a finding that [the] splintered condition of the [railing] where the plaintiff was injured had existed long enough so that a reasonably diligent [landlord] should have known of its existence.” Briggs, supra at 86. As there was no evidence anywhere in the record that would have permitted a finding in the plaintiffs favor on that dispositive issue, the defendant’s motion for a directed verdict was properly allowed. Sahagan v. Commonwealth, 25 Mass. App. Ct. 953, 953-954 (1988).
Judgment for the defendant is affirmed.
So ordered.

 There was no unusual occurrence or other circumstance in this case that would have permitted a finding of liability on the basis of res ipsa loquitur. See Zezuski v. Jenny Mfg. Co., 363 Mass. 324, 330 (1973).